Johnny Jay LINDSEY, Appellant,

v.

Drusilla Kay LINDSEY, Appellee.

No. 08–97–00120–CV.

Court of Appeals of Texas, El Paso.

Feb. 26, 1998.

---

Marc R. May, Odessa, for Appellant.

Lawrence L. Barber, Jr., Odessa, for Appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

This is an appeal from a trial court order modifying child support. We find sufficient evidence to support the modification and conclude the trial court did not abuse its discretion. Accordingly, we affirm.

### FACTUAL SUMMARY

Johnny and Drusilla Lindsey were divorced by final decree on May 6, 1996. At the time of the divorce, the Lindseys agreed that Mr. Lindsey would have no visitation rights to the couple's son, and that he would have no child support obligations other than to maintain medical insurance for the child. In October 1996, Ms. Lindsey filed a motion to modify child support. At the hearing, she testified that although the income from her job remained unchanged from the time of the divorce ($1,260.94 per month after taxes and deductions), her ability to support the child had been materially affected by other circumstances. While at the time of divorce, Ms. Lindsey had free use of a car, she lost access to the car post-divorce and had to incur a monthly car payment of $228.98. Also at the time of divorce, Ms. Lindsey was receiving $450 per month from a rental property, less approximately $300 per month in mortgage payment and insurance on the property. The property became vacant after the divorce, and could not be leased again because it required plumbing and roof repairs. There was some evidence, however, that both parties knew that the rental property required repairs at the time of the divorce.

The trial court found that Ms. Lindsey's change in circumstances, along with the initial decree's significant departure from the

statutory child support guidelines,[1] supported a finding of a material and substantial change such that modification was in the best interest of the child. Pursuant to the parties' stipulation regarding Mr. Lindsey's child support obligation arising from application of the guidelines, the court ordered Mr. Lindsey to pay $425 per month in child support.

## STANDARD OF REVIEW

Mr. Lindsey brings forward two points of error. In the first, he maintains that the trial court abused its discretion by modifying the child support. His second point challenges the legal and factual sufficiency of the evidence to establish a material and substantial change in circumstances. Because these points implicate two different appellate standards of review, we first address the distinctions between them and how they overlap in the family law arena.

### *Traditional Sufficiency Review*

In considering a legal sufficiency or "no evidence" point, an appellate court considers only the evidence which tends to support the jury's findings and disregards all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Worsham Steel Co. v. Arias*, 831 S.W.2d 81, 83 (Tex.App.—El Paso 1992, no writ). If any probative evidence supports the jury's determination, it must be upheld. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951); *Neily v. Aaron*, 724 S.W.2d 908, 913 (Tex.App.—Fort Worth 1987, no writ); *see generally* WILLIAM POWERS, JR. & JACK RATLIFF, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 TEX.L.REV. 515 (1991).

█ A factual sufficiency point requires examination of all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 244 S.W.2d at 660; *Worsham Steel Co.*, 831 S.W.2d at 81. The reviewing court cannot substitute its conclusions for those of the jury. If there is suffi-

cient competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex. App.—El Paso 1981, no writ). It is not within the province of this Court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951); *Reynolds v. Kessler*, 669 S.W.2d 801, 807 (Tex.App.—El Paso 1984, no writ). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Clark v. National Life & Accident Ins. Co.*, 145 Tex. 575, 200 S.W.2d 820, 821 (1947); *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d 131, 136 (Tex.App.—El Paso 1992, writ denied). In a bench trial, findings of fact are the equivalent of a jury answer to the special issues. *Associated Telephone Directory Publishers, Inc. v. Five D's Publishing Co.*, 849 S.W.2d 894, 897 (Tex. App.—Austin 1993, no writ); *Lorensen v. Weaber*, 840 S.W.2d 644 (Tex.App.—Dallas 1992), *rev'd on other grounds sub nom.; Exxon Corp. v. Tidwell*, 816 S.W.2d 455, 459 (Tex.App.—Dallas 1991), *rev'd on other grounds*, 867 S.W.2d 19 (Tex.1993); *A–ABC Appliance of Texas, Inc. v. Southwestern Bell Tel. Co.*, 670 S.W.2d 733, 736 (Tex. App.—Austin 1984, writ ref'd n.r.e.).

### *Abuse of Discretion Standard*

█ The term "abuse of discretion" is not susceptible to rigid definition. *Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 934 (Tex.App.—Austin 1987, no writ). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), *citing Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.—1939, opinion adopted). Stated differently, the appropriate inquiry is whether the ruling was arbitrary or unreasonable. *Smithson v. Cessna Air-*

---

1. *See* TEX.FAM.CODE ANN. § 154.121 et. seq. (Vernon 1996).

*craft Company,* 665 S.W.2d 439, 443 (Tex. 1984); *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649, 651 (Tex.1970). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

### Which Standard Do We Apply?

An order regarding child support will not be disturbed on appeal unless the complaining party can demonstrate a clear abuse of discretion. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). We are aware of recent opinions holding that when the trial court's ruling on the merits is reviewed under an abuse of discretion standard, the normal sufficiency of the evidence review is part of the abuse of discretion review and not an independent ground for reversal. *Crawford v. Hope,* 898 S.W.2d 937, 940–41 (Tex.App.—Amarillo 1995, writ denied)(when standard of review is abuse of discretion, factual, and legal sufficiency are not independent grounds of error); *accord, Thomas v. Thomas,* 895 S.W.2d 895, 898 (Tex.App.—Waco 1995, writ denied); *In re Marriage of Driver,* 895 S.W.2d 875, 877 (Tex.App.—Texarkana 1995, no writ); *Wood v. O'Donnell,* 894 S.W.2d 555, 556 (Tex. App.—Fort Worth 1995, no writ); *In the Interest of Pecht,* 874 S.W.2d 797, 800 (Tex. App.—Texarkana 1994, no writ); *but see Matthiessen v. Schaefer,* 897 S.W.2d 825, 828 (Tex.App.—San Antonio 1994)(Duncan, J., dissenting)(appellate court should review award of attorney's fees by normal sufficiency of evidence standard, and not subsume

sufficiency of evidence into abuse of discretion standard), *rev'd on other grounds,* 915 S.W.2d 479 (Tex.1995).

One commentator has suggested that the abuse of discretion standard of review should be standardized.[2] He recommends that once it has been determined that the abuse of discretion standard applies, an appellate court should engage in a two pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? We agree with this approach. The traditional sufficiency review comes into play with regard to the first question; however, our inquiry cannot stop there. We must proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. Stated inversely, we must conclude that the trial court's decision was neither arbitrary nor unreasonable.

### Overlapping Standards in the Family Law Context

An appeal directed toward demonstrating an abuse of discretion is one of the tougher appellate propositions. Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard, be it the issue of property division incident to divorce or partition, conservatorship, visitation, or child support. While the appellant may challenge the sufficiency of the evidence to support findings of fact, in most circumstances, that is not enough. If, for example, an appellant is challenging the sufficiency of the evidence to support the court's valuation of a particular asset, (s)he must also contend that the erroneous valuation caused the court to abuse its discretion in the overall division of the community estate.[3] In the child sup-

---

2. R. Townsend, *State Standards of Review: Cornerstone of the Appeal,* The University of Texas School of Law 6th Annual Conference on State and Federal Appeals (1996).

3. Consider the following hypothetical. Suppose the parties dispute the value of Husband's business which is operated as a sole proprietorship. Wife contends it has a value of $30,000 while Husband values it at $10,000. For purposes of this example, we will assume that Wife's valuation expert improperly includes personal good-

will. *See Hirsch v. Hirsch,* 770 S.W.2d 924 (Tex. App.—El Paso 1989, no writ)(Goodwill is not to be included or considered when placing a value on a professional corporation unless it can be determined first, that the goodwill exists independently of the personal ability of the professional person, and second, that if such goodwill does exist, it has a commercial value in which the community estate is entitled to share.). We will also assume that the trial court erroneously overrules Husband's objection and makes a spe-

port context, an appellant may challenge the sufficiency of the evidence to support a finding of net resources, a finding of the proven needs of the child, a finding of voluntary unemployment or under-employment, or a finding of a material and substantial change in circumstances. Once we have determined whether sufficient evidence exists, we must then decide whether the trial court appropriately exercised its discretion in applying the child support guidelines to the facts established. Mr. Lindsey has appropriately raised both prongs of this inquiry by designated points of error.

## MODIFICATION OF CHILD SUPPORT

■ To modify child support, the movant must show that there has been a material and substantial change in the circumstances of a child or a person affected by the prior order since the time the order was rendered. *See* TEX.FAM.CODE ANN. § 156.401 (Vernon 1996); *Hollifield v. Hollifield,* 925 S.W.2d 153, 155 (Tex.App.—Austin 1996, no writ); *Clark v. Jamison,* 874 S.W.2d 312, 317 (Tex. App.—Houston [14th Dist.] 1994, no writ). A child support order that is not in compliance with the guidelines, such as the order here, does not in and of itself establish a material and substantial change in circumstances. *In the Interest of G.J.S.,* 940 S.W.2d 289, 294, (Tex.App.—San Antonio 1997, no writ); *Cole v. Cole,* 882 S.W.2d 90, 92 (Tex.App.—Houston [14th Dist.] 1994, writ denied). The Family Code provides that a trial court "may consider the child support guidelines ... to determine whether there has been a material or substantial change of circumstances ... that warrants a modification...." TEX.FAM. CODE ANN. § 156.402(a). If the amount of support contained in the prior order "does not substantially conform with the guidelines, the court may modify the order to substantially conform with the guidelines if the modi-

fication is in the best interest of the child." TEX.FAM.CODE ANN. § 156.402(b). The best interest of the child is always the trial court's primary consideration in determining questions of child support. *Hollifield,* 925 S.W.2d at 155; *MacCallum v. MacCallum,* 801 S.W.2d 579, 583 (Tex.App.—Corpus Christi 1990, writ denied). Thus, the court retains broad discretion in making the equitable decision of whether to modify a prior support order.

## MODIFICATION JUSTIFIED

■ The evidence presented showed that at the time of the divorce, Ms. Lindsey had a take-home salary of approximately $1260 per month. Her salary was supplemented by a net gain of approximately $150 per month from the rental property. She had access to a car for which she did not have to pay at the time of the divorce. Thus, Ms. Lindsey had approximately $1410 per month available to support herself and the child at the time the final decree was entered. After the date of the final decree, the net gain of $150 per month on the rental property became a loss of $300 because Ms. Lindsey was receiving no rent, yet she had to continue to make mortgage and tax payments on the property. Additionally, Ms. Lindsey had to purchase a car, which reduced the monthly funds available to her by another $228. These post-decree changes in circumstance left Ms. Lindsey with only $732 per month after her mortgage and car payments. Thus, funds available to Ms. Lindsey for the child's support were reduced by almost 50 percent from the time of the original decree to the time of the hearing on the motion for modification. This evidence, coupled with the deviation from the child support guidelines, was both legally and factually sufficient to show a material and substantial change in Ms. Lindsey's ability to adequately provide for the

cific fact finding that the business has a value of $30,000. On appeal, Husband contends that the trial court erred in admitting Wife's expert's testimony, and had it been properly excluded, there was no evidence to support a valuation finding of $30,000. While an appellate court would likely agree, that is merely the first hurdle. Husband must still demonstrate that the trial court abused its discretion in dividing the community estate. Even if the evidence is insufficient to support the

court's value of $30,000, that valuation error may not constitute an abuse of discretion in the ultimate distribution of a $300,000 estate [the error representing ten percent of the total community estate], but it may well constitute an abuse of discretion in the division of a $100,000 estate [the error representing nearly a third of the community estate], depending upon the equities justifying a disproportionate division.

child. Finding sufficient evidence, we conclude that the trial court was neither arbitrary nor unreasonable in deciding that modification of the child support order was in the best interest of the child. As there is no dispute concerning the amount of support ordered based upon a proper application of the guidelines, we overrule both points of error and affirm the judgment of the trial court.