INTERNATIONAL DAIRY QUEEN,
INC. and American Dairy Queen
Corporation, Appellants,

v.

Melinda MATTHEWS, Individually and
on Behalf of the Estate of Tyler
Shane Matthews, Deceased Minor, Mi-
chael Matthews and Whitney Mat-
thews, Appellees.

No. 09–03–067 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 11, 2003.

Decided Jan. 22, 2004.

Michael K. Rose, R. Lyn Stevens, Donald Francis Lighty, Stevens, Baldo & Freeman, LLP, Beaumont, for appellants.

Paul D. Clayton, Orange, for appellees.

Before McKEITHEN, C.J., DON BURGESS and DAVID B. GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

Appellants International Dairy Queen, Inc. and American Dairy Queen Corporation appeal a $63,770 award of attorney ad litem fees in a personal injury case. Appellants argue the evidence is insufficient to support the fee award and the fee award is grossly excessive as a matter of law. They claim credit for $41,500 in fees paid by other defendants.

■ Replacing another appointed attorney, the attorney ad litem for the minor child was appointed on May 1, 2002. The attorney ad litem attended a mediation on May 8, 2002, after which four of the remaining six defendants settled; in those settlements he received $41,500 in fees. In September 2002, the plaintiffs settled with the last two defendants, who are now the appellants. The trial judge awarded the attorney ad litem $63,770 in additional fees. Generally, attorney's fees are not recoverable unless provided for by statute, rule or contract between the parties. *See Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc.,* 938 S.W.2d 102, 118 (Tex. App.-Houston [14th Dist.] 1996, no writ). Here, the settlement agreement provides for the payment by appellants of "ad litem fees as approved by the Judge."

### RULE 173

■ Rule 173 of the Texas Rules of Civil Procedure requires the appointment of a guardian ad litem for a minor who is a party to a suit and is represented by a next friend or a guardian who appears to the court to have an interest adverse to the minor. *See* TEX.R. CIV. P. 173; *see also* TEX.R. CIV. P. 44(2). The fee for the services of the guardian ad litem is taxed as part of the costs. *See* TEX.R. CIV. P. 173. The terms "guardian ad litem" and "attorney ad litem" are used interchangeably by the parties in this case, and possibly the parties and the court intended the attorney ad litem to function as a guardian ad litem appointed pursuant to Rule 173. If so, the order should designate him guardian ad litem. The role of a guardian ad litem is different from that of an attorney ad litem. *See Garcia v. Martinez,* 988 S.W.2d 219, 222 n. 2 (Tex.1999); *American Gen. Fire & Cas. Co. v. Vandewater,* 907 S.W.2d 491, 493 n. 2 (Tex.1995) ("A guardian ad litem is not an attorney for the child but an officer appointed by the court to assist in properly protecting the child's interests."); *see also* Jennifer L. Anton,

*The Ambiguous Role and Responsibilities of a Guardian Ad Litem in Texas in Personal Injury Litigation,* 51 SMU L.REV. 161 (Sept./Oct.1997). *See, generally, in other contexts,* TEX. FAM.CODE ANN. §§ 107.001–107.016 (Vernon 2002)(provisions for appointments of guardian ad litem and attorney ad litem); TEX. PROB. CODE ANN. §§ 645–646 (Vernon 2003) (provisions for appointments of guardian ad litem and attorney ad litem). The Supreme Court has indicated that, if the basis for the appointment is Rule 173, "[t]he trial court's improper designation of the ad litem 'is not of controlling import.'" *Brownsville–Valley Reg'l Med. Ctr. v. Gamez,* 894 S.W.2d 753, 755 n. 4 (Tex.1995)(quoting *Phillips Petroleum Co. v. Welch,* 702 S.W.2d 672, 674 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.)). Here, however, the appointment order designates the attorney only as an attorney ad litem and does not reference Rule 173. And, the order awarding fees cites only the parties' settlement and the Rule 11 agreement as the basis for the fee award. The record does not include an order appointing a guardian ad litem.

However, we are not asked by the parties to consider the trial court's authority to appoint only an attorney ad litem, or the trial court's failure to appoint a guardian ad litem. The Texas Supreme Court has held that the failure to appoint a guardian ad litem is not fundamental error that can be addressed by an appellate court in the absence of assigned error. *See Newman v. King,* 433 S.W.2d 420, 421–22 (Tex. 1968). This appeal concerns the reasonableness of the amount of an attorney ad litem fee award based on a Rule 11 "settlement agreement."

## STANDARD OF REVIEW

■ The attorney ad litem was appointed by the trial court to represent the child. As part of the settlement, appellants agreed to pay "ad litem fees." As with a fee award to a guardian ad litem, we review an award of fees to an attorney ad litem under a standard that recognizes the trial court has discretion in determining the amount of the award. *See Gamez,* 894 S.W.2d at 756 ("A reviewing court will not overturn a fee award absent evidence showing a clear abuse of discretion."). An attorney fee award must be supported by evidence. *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 852 (Tex.2000)(attorney ad litem's fee). In reviewing the fee award under an abuse of discretion standard, we first consider whether the trial court had sufficient evidence on which to make a reasonable decision. *See Lindsey v. Lindsey,* 965 S.W.2d 589, 592 (Tex.App.-El Paso 1998, no pet.) (Traditional sufficiency review comes into play in abuse of discretion standard.). If the court had sufficient information, we then consider whether the trial court made an unreasonable or arbitrary decision based on that information. *Id.*

## ANDERSEN FACTORS

■ In determining a reasonable attorney's fee, courts consider evidence on the following eight factors:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

See *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *see also, generally, Garcia*, 988 S.W.2d at 222 (guardian ad litem fee).

### THE FEE

■ The attorney ad litem presented his time sheet showing 145.25 hours of work since his appointment in May 2002.[1] He did not divide his hours among the claims against the six different defendants. No claim is made that the hours cannot be segregated. Some of the hours necessarily were related to the four defendants who settled earlier, who paid, by agreement, the attorney ad litem $41,500; some of the attorney ad litem's time is related to the $63,770 fee assessed against appellants. Apparently, the $41,500 was an agreed amount, not based on hours worked and not determined by the trial court. In determining what would be a reasonable additional fee for the attorney ad litem, the trial court apparently considered the total hours. Assuming 145.25 total hours and a total attorney ad litem fee of $105,270 ($63,770 + 41,500), the average hourly rate would be $724.75.

Appellants argue they are responsible only for $2,075 in ad litem fees. In arriving at that figure, they rely on the testimony of an expert witness and an offset of the amounts already paid in the earlier settlement. Appellants' expert witness testified that a reasonable hourly rate would be in the range of $225 to $300 an hour. Appellants multiply a $300 hourly fee by the 145.25 ad litem hours to come up with a total ad litem fee of $43,575. Appellants argue that the $41,500 ad litem fees already paid by the other settling defendants must "be factored in when determining a 'reasonable' ad litem fee." Subtracting the earlier $41,500 ad litem fee from a total ad litem fee of $43,575 leaves a remainder of $2,075; this is the amount appellants say they owe to the attorney ad litem. Appellants urge this Court to, in effect, credit an agreed amount paid in ad litem fees by the other defendants in connection with prior settlements. We decline to take this approach as it does not seem consistent with the parties' Rule 11 agreement, that appellants would pay ad litem fees related to the claims against appellants.

We agree, however, that the $724.75 per hour rate calculation is unsupported by the evidence. The attorney ad litem provided no testimony as to his customary hourly rate, nor did he say what rate he was charging in this case. While there is testimony from the attorney for the adult plaintiffs that a $600 to $850 hourly rate would be reasonable given the size of the settlement, appellees cite no case in which an hourly rate in that range has been upheld. *See Samco Properties, Inc. v. Cheatham*, 977 S.W.2d 469, 479–81 (Tex. App.-Houston [14th Dist.] 1998, pet. denied)(finding $780 per hour fee excessive);

---

1. The attorney ad litem also testified concerning post-litigation services for the minor. The Texas Supreme Court held in *Brownsville–Valley Reg'l Med. Ctr., Inc. v. Gamez*, 894 S.W.2d 753, 757 (Tex.1995), that "a guardian ad litem may not recover fees for services rendered after resolution of the conflict for which he or she is appointed...." "The term 'ad litem' means 'for the suit.' The representation of an ad litem is limited to matters related to the suit for which he or she is appointed." *Id.* at 756 (citations omitted). Similarly, the attorney "ad litem" representation is limited to the matters related to the litigation for which he was appointed.

*see also Dalworth Trucking Co. v. Bulen,* 924 S.W.2d 728, 738–39 (Tex.App.-Texarkana 1996, no writ) ($500 per hour excessive). The large amount of the settlement does not justify, by itself, this extraordinary rate. Even if we assume the plaintiffs' attorney was relying on the testimony of the attorney ad litem, who addressed the *Andersen* factors, we see nothing in the testimony of the attorney ad litem which would make that extraordinary rate reasonable here.

■■■■ But a more fundamental problem exists. The $724.75 rate assumes a calculation on which there is insufficient information. Although the attorney ad litem submitted an itemization of the total hours on all the claims against all the defendants who were in the case when he was appointed, he submitted no breakdown of the hours attributable specifically to his work on the claims against appellants. Nor did he separate the work for which he was compensated by other defendants from the work for which he sought compensation from appellants. "Generally, when a claimant seeks to recover attorney's fees in a case where there are multiple parties, and one or more of those parties have made settlements, the claimant must segregate the fees owed by the remaining parties from those owed by the settling parties so that the remaining parties are not charged fees for which they are not responsible." *Geodyne Energy Income Prod. Partnership I–E v. Newton Corp.,* 97 S.W.3d 779, 789 (Tex.App.-Dallas 2003, pet. denied). Here the hours are not segregated, and, as appellants pointed out at the fee hearing,[2] the hours include time for which he has already been compensated by other defendants. On this record, the total hours worked on the claims against appellants cannot be determined. As a result, under the "time and labor" factor, the trial court had insufficient information on which to make an award. An award of attorney's fees erroneously based on evidence of unsegregated fees requires a remand. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 11–12 (Tex.1991).

### Conclusion

The attorney ad litem is not entitled to a fee for work already paid for by other defendants. But, given the Rule 11 settlement agreement provision—that appellants would pay "ad litem fees as approved by the Judge"—neither would appellants be entitled to avoid payment for uncompensated work by the attorney ad litem on their settlement. The hours worked on each settlement must be segregated to determine the fees appellants agreed to pay under their settlement agreement. This information is necessary to allow the trial court to make an award which does not provide a double recovery for the attorney ad litem, and yet provides the attorney ad litem with the fee appellants agreed to pay him.

We reverse and remand for further proceedings consistent with this opinion.

### REVERSED AND REMANDED.

DON BURGESS, Justice, dissenting.

The majority twice notes "the settlement agreement provides for the payment by appellants of 'ad litem fees as approved by the Judge.'" They also note, "the order awarding fees cites only the parties' settlement and the Rule 11 agreement as the basis for the fee award." While they acknowledge the language of the agreement and the basis for the trial court's

---

**2.** Dairy Queen's attorney argued at the hearing in part as follows: "And it is American and International Dairy Queen's position that the majority of time on Exhibit No. 1 has already been compensated for, based on the reasonable time spent in the case."

ruling, the majority neither upholds the agreement nor the trial court's ruling.

Mr. Clayton testified, and is not controverted by any of the attorneys who signed the Rule 11 agreement, that one purpose of having the exact wording was to avoid more litigation over the issue because there had been hotly disputed issues and numerous alleged misunderstandings throughout the litigation.

Appellants began their argument to the trial judge thusly:

> Very briefly, Exhibit No. 1, which is the break down of the minimum time, I believe is how it has been characterized. Obviously there has been no testimony elicited, or even sought, criticizing whether or not this is accurate or not, and I stand by that position.

Later they did argue that the majority of the time on Exhibit 1 was not focused on their clients or had previously been compensated. Their final plea to Judge Powell was:

> But, the agreement has been approved by the Court and we're not trying to do anything with the agreement. It's just American and International Dairy Queen's position that we did agree at that mediation to pay a reasonable ad litem fee. And it is our position that a $600.00—$850.00 an hour ad litem charge is not reasonable in this case. It is our position that a reasonable fee would run between $200.00 and $300.00 an hour for similar services in Orange County.

An instructive case is one cited by the majority, *Torrington Co. v. Stutzman*, 46 S.W.3d 829 (Tex.2000).[3] Here the Supreme Court held a party could by its conduct, waive any right to complain of the ad litem fees. In *Torrington*, the attorney did not complain of the lack of evidence and even suggested a fee of $25,000 would be a reasonable and necessary fee, in the face of the plaintiff's counsel arguing for a $50,000 fee. The Supreme Court opined: "Presumably, if the trial court had accepted Torrington's suggestion of a substantially lesser fee, Torrington would no longer object to the trial court's decision-making procedure." *Torrington*, 46 S.W.3d at 852.

What were appellants' actions in this case:

(1) they signed the settlement agreement agreeing to pay "ad litem fees as approved by the court", without any reservation language.

(2) it was appellants who offered Exhibit 1 into evidence.

(3) appellants did not specifically contest Exhibit 1 on segregation of fees.

(4) appellants, admittedly, did not offer any evidence contradictory to Exhibit 1.

(5) appellants offered evidence that $225—$300 was a reasonable ad litem fee in Orange County with $300 the fee for a complex case.

(6) appellants did not suggest any specific reduction in the hours shown on Exhibit 1.

(7) appellants argued a fee of $200—$300 per hour was a reasonable fee.

I would affirm the trial court based simply on the Rule 11 agreement. A deal is a deal! Appellants agreed to pay the ad litem fee approved by the Court. Clearly this meant the trial court, not the Court of Appeals or the Supreme Court. Reading the provision any other way makes it meaningless. The phase did not say "ordered by the court" or "mandated by the court." Why? It is obvious; they are *required* to pay the final, ordered or mandated fee. The only fair reading of the

---

3. A case this court is quite familiar with.

phrase is they intended to have the trial judge approve a fee. As it turns out, they just don't agree with the amount the court approved. To plagiarize the Supreme Court: presumably, if the trial court had accepted appellants' suggestion of a substantially lesser fee, appellants would no longer object to the trial court's decision-making procedure.[4]

Furthermore, appellants have, by their actions, previously noted, waived their right to complain.[5]

The trial judge was extremely qualified to make this determination. He had personal experience in all aspects of such complex cases. He was provided with ample evidence and was free to give whatever credibility he felt to the witnesses. Under the calculation method of the appellants and the majority, he could have approved an ad litem fee of $82,962 (145.25 hours × $850—$41,500). Apparently the judge chose some amount less than $850 or applied some discount to the hours or just did what the parties agreed he could do—approve the ad litem fees.

This appellate litigation is unfortunate and unnecessary. This was a multi-million dollar suit involving highly skilled and highly competent lawyers. This court should not rewrite the agreement,[6] but hold appellants to it and affirm the trial judge. Since we do not, I respectfully dissent.

---

4. I have intentionally refused to dignify appellants' suggestion that the only fee they owe is $2,075 by even discussing it.

5. Or at the very least are estopped to deny any amount under $43,575 (145.25 hours × $300).

6. Under the majority's reasoning, the agreement would be: Appellants will pay costs of court, including ad litem fees as approved by the court, **unless appellants disagree with the amount approved by the court.**