Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOE ALAN VERNON,                                    )                  No. 08-04-00140-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  143rd District Court
)
HELEN LUSTER VERNON,                             )                  of Reeves County, Texas
)
                                    Appellee.                          )                  (TC# 01-11-17216-CVR)

O P I N I O N

            Joe Alan Vernon appeals an order denying his motion to modify child support. We affirm.
FACTUAL SUMMARY
            The trial court entered a final decree of divorce on February 8, 2002 requiring Appellant to
pay child support in the amount of $1,000 per month for his two children. Appellant did not
regularly pay his support obligations and in January 2003, the trial court


 granted Appellant’s motion
to modify child support and reduced support to $300 per month. The reduction in child support was
made retroactive to August 1, 2002. From September 1, 2002 through September 1, 2004, Appellant
did not pay any child support except for March 2004 when a “FED OFFSET” in the amount of
$1,101 was applied to the balance by the Attorney General’s Child Support Enforcement Division. 
On June 20, 2003, Appellant filed another motion to modify the parent-child relationship, seeking
an additional and retroactive reduction of his child-support obligation. 
            At the hearing held in January of 2004, Appellant testified that he could no longer work in
his oil field service business due to back injuries received in an assault on April 24, 2002. Prior to
his injury, Appellant maintained a business which serviced natural gas wells. This required that
Appellant perform administrative and managerial duties as well as physically demanding labor in
the field. Since the injury, Appellant had been unemployed. He had been obtaining medical care
and expected to have surgery at an unspecified date in the future. Appellant’s initial application for
Social Security disability benefits had been denied but his appeal remained pending. Consequently,
he had relied on family members, including his mother, to support him since his injury. Appellant
had been attending classes in order to obtain a real estate license and he planned to take the exam
the next month. He had interviewed with Century 21 and would become employed with that
company as a real estate agent as soon as he obtained his license.
            The trial court denied the motion to modify on March 12, 2004 and entered the following
findings of fact: 
The Court finds that there has been a significant change in the net resources of the
Movant but that there was a failure by Movant to prove to the satisfaction of the
Court his current net resources so that an appropriate calculation of child support
could be made.
 
The Court finds that despite Movant’s testimony that he is disabled, that he is in fact
able to work and that he has been under-employed without justifiable excuse. It
being the burden to establish net resources on the Motion being on Movant, the Court
declines to modify the child support. 

MODIFICATION OF CHILD SUPPORT
            In his sole issue for review, Appellant contends that the trial court abused its discretion by
refusing to modify the child support order after finding that there had been a significant change in
Appellant’s net resources. 
Relevant Authority and Standard of Review
            A trial court may modify an order that provides for the support of a child if: (1) the
circumstances of the child or a person affected by the order have materially and substantially
changed since the date of the order’s rendition; or (2) it has been three years since the order was
rendered or last modified and the monthly amount of the child support award under the order differs
by either 20 percent or $100 from the amount that would be awarded in accordance with the child
support guidelines. Tex.Fam.Code Ann. § 156.401 (Vernon 2002). In determining whether there
has been a material and substantial change in circumstances, the trial court must compare the
financial circumstances of the children and the affected parties at the time the existing support order
was entered with their circumstances at the time the modification is sought. See Farish v. Farish,
921 S.W.2d 538, 541 (Tex.App.--Beaumont 1996, no writ); Tucker v. Tucker, 908 S.W.2d 530, 532
(Tex.App.--San Antonio 1995, writ denied); Penick v. Penick, 780 S.W.2d 407, 408 (Tex.App.--Texarkana 1989, writ denied). The movant has the burden to show a material and substantial change
by a preponderance of the evidence. Holley v. Holley, 864 S.W.2d 703, 706 (Tex.App.--Houston
[1st Dist.] 1993, writ denied). Nevertheless, it is the best interest of the child that is always the trial
court’s primary consideration when it determines questions of child support. Tucker, 908 S.W.2d
at 532- 33. Therefore, the trial court retains broad discretion in making the equitable decision of
whether to modify a prior support order. Lindsey v. Lindsey, 965 S.W.2d 589, 593 (Tex.App.--El
Paso 1998, no pet.). For this reason, we review a trial court’s decision to deny or grant a motion to
modify a child support order for an abuse of discretion. See Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990).
            In conducting this review, we employ a hybrid analysis which takes into account the
overlapping abuse of discretion and sufficiency standards. Jenkins v. Jenkins, 16 S.W.3d 473, 477
(Tex.App.--El Paso 2000, no pet.); Lindsey, 965 S.W.2d at 592. Our inquiry consists of two parts: 
(1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) did
the trial court err in its application of discretion? See Lindsey, 965 S.W.2d at 592. The traditional
sufficiency review comes into play with regard to the first question; however, our inquiry cannot end
there. See id. We must proceed to determine whether, based on the elicited evidence, the trial court
made a reasonable decision. See id. Stated inversely, we must conclude that the trial court’s
decision was neither arbitrary nor unreasonable. See id.
Analysis

            Although the trial court found that there had been a significant change in Appellant’s net
resources, it declined to modify Appellant’s support obligation because Appellant failed to establish
his current net resources so that appropriate support could be calculated. Appellant testified that he
had received assistance from family members, particularly his mother, since his injury in April 2002
but he did not offer any specific evidence regarding how much assistance he had been given. Gifts
from family members are included in the calculation of net resources. Tex.Fam.Code Ann.
§ 154.062. As the movant, Appellant bore the burden to demonstrate that his current net resources
justified further reduction in his child support obligation. This he failed to do.
            Moreover, the trial court also found that Appellant was able to work and that he was
underemployed without justifiable excuse. Appellant has not challenged or even addressed this
finding on appeal. The duty to support is not limited to a parent’s ability to pay from current
earnings, but extends to his or her financial ability to pay from any and all sources that might be
available. In re P.J.H., 25 S.W.3d 402, 406 (Tex.App.--Fort Worth 2000, no pet.); Pharo v. Trice,
711 S.W.2d 282, 284 (Tex.App.--Dallas 1986, no writ). Section 154.066 of the Texas Family Code
allows the trial court to apply the support guidelines to the earning potential of an obligor, rather than
actual income, if the obligor is intentionally underemployed. Tex.Fam.Code Ann. § 154.066.


 A
parent who is qualified to obtain gainful employment cannot evade his or her support obligation by
voluntarily remaining unemployed or underemployed. Eggemeyer v. Eggemeyer, 535 S.W.2d 425,
427-28 (Tex.Civ.App.--Austin 1976), aff’d, 554 S.W.2d 137 (Tex. 1977); see Pharo, 711 S.W.2d
at 284 (mother was ordered to pay child support even though she was unemployed; she had worked
as an airline stewardess but at the time of the modification hearing was spending her time
researching genealogy, playing tennis, helping friends put together a cookbook, and volunteering for
the Dallas County Medical Auxiliary). It was well within the trial court’s discretion to refuse to
reduce Appellant’s child support obligation. We overrule the sole issue for review and affirm the
order of the trial court.


November 3, 2005                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.