Armando **VALENZUELA,** Appellant,

v.

**Mary PARRA,** Appellee.

No. 08–05–00094–CV.

Court of Appeals of Texas,
El Paso.

Aug. 10, 2006.

Fernando Chacon, El Paso, for Armando Valenzuela.

Roberto Sanchez, El Paso, for Mary Parra.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

*OPINION*

DAVID WELLINGTON CHEW,
Justice.

Appellant Armando Valenzuela appeals the property division in his divorce from Appellee Mary Parra. In one issue, Mr.

Valenzuela contends the trial court erred in awarding property to Ms. Parra that was not part of the community property estate of the marriage. We affirm.

Ms. Parra filed for divorce on December 16, 2003. She later amended her petition to allege a common law marriage beginning in April 1993. On August 30, 2004, the trial court held a hearing, finding that a common law marriage existed as of 1994. The trial court held a bench trial on the remaining issues on December 1, 2004. With regard to the real property located at 7509 Monterrey, which is the subject of this appeal, Mr. Valenzuela stated that when his parents purchased the house, he and Ms. Parra rented it, along with his sister and her husband. Mr. Valenzuela conceded that in 2002, his parents conveyed a one-half interest in the property, however, he testified that the house did not really belong to him because the transaction was intended to be like a will. Mr. Valenzuela also stated that his parents gave the down payment, but he and Ms. Parra were the ones who moved into the house with his sister and her husband, and Mr. Valenzuela paid for the house. Mr. Valenzuela's mother testified that she and her husband purchased the house at 7509 Monterrey in 1993. According to Mrs. Valenzuela, the warranty deed was conveyed so that in case she died, her son would take possession of the house. Mr. Valenzuela's father testified that he, his wife, and Mr. Valenzuela own the property. In the final divorce decree, the trial court characterized Mr. Valenzuela's undivided one-half interest in the property as community property and awarded Mr. Valenzuela's interest to Ms. Parra.

■ On appeal, Mr. Valenzuela contends that the trial court erred in awarding property to Ms. Parra that was not part of the community property estate of the marriage. Mr. Valenzuela asserts that the evidence showed that the house at 7509 Monterrey belonged to his mother and not to the parties.

■ To determine whether the trial court abused its discretion in its property division incident to divorce, we engage in a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? *See Tate v. Tate*, 55 S.W.3d 1, 5–6 (Tex.App.-El Paso 2000, no pet.); *Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex.App.-El Paso 1998, no pet.).

A spouse's separate property consists of property owned or claimed before marriage, acquired during marriage by gift, devise, or descent, or recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage. *See* Tex.Fam.Code Ann. § 3.001 (Vernon 2006). Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Tex. Fam.Code Ann. § 3.003(a). To overcome this presumption, a spouse must present clear and convincing evidence to establish the property is separately owned. *See* Tex.Fam.Code Ann. § 3.003(b).

In this case, Mr. Valenzuela did not claim the disputed property as his separate property. Rather, he denied having any present interest in the house. The evidence, however, clearly shows that in 2002, Mr. Valenzuela's parents conveyed an undivided interest in the house at 7509 Monterrey. Specifically, Mr. Valenzuela's father testified that he, his wife, and Mr. Valenzuela owned the property and Mr. Valenzuela conceded to the same at the final divorce hearing. Moreover, all parties agreed that Mr. Valenzuela was making the mortgage payments on the property. Mr. Valenzuela does not dispute the trial court's finding of a common law

marriage between him and Ms. Parra as of 1994. Thus, Mr. Valenzuela's interest in the house was acquired during the marriage and he presented no clear and convincing evidence to establish it as his separate property. The trial court had sufficient information concerning Mr. Valenzuela's ownership interest to exercise its discretion and did not err in concluding that this interest was part of the parties' community property. Mr. Valenzuela's sole issue is overruled.

We affirm the trial court's judgment.