COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

ARMANDO VALENZUELA,                              )

                                                                              )              
No.  08-05-00094-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
383rd District Court

MARY PARRA,                                                   )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 2003AG6898)

                                                                              )

 

 

O
P I N I O N

 

Appellant Armando
Valenzuela appeals the property division in his divorce from Appellee Mary
Parra.  In one issue, Mr. Valenzuela contends
the trial court erred in awarding property to Ms. Parra that was not part of
the community property estate of the marriage. 
We affirm.








Ms. Parra filed
for divorce on December 16, 2003.  She
later amended her petition to allege a common law marriage beginning in April
1993.  On August 30, 2004, the trial
court held a hearing, finding that a common law marriage existed as of
1994.  The trial court held a bench trial
on the remaining issues on December 1, 2004. 
With regard to the real property located at 7509 Monterrey, which is the subject of this
appeal, Mr. Valenzuela stated that when his parents purchased the house, he and
Ms. Parra rented it, along with his sister and her husband.  Mr. Valenzuela conceded that in 2002, his
parents conveyed a one-half interest in the property, however, he testified
that the house did not really belong to him because the transaction was
intended to be like a will.  Mr.
Valenzuela also stated that his parents gave the down payment, but he and Ms.
Parra were the ones who moved into the house with his sister and her husband,
and Mr. Valenzuela paid for the house. 
Mr. Valenzuela=s
mother testified that she and her husband purchased the house at 7509 Monterrey in 1993.  According to Mrs. Valenzuela, the warranty
deed was conveyed so that in case she died, her son would take possession of
the house.  Mr. Valenzuela=s father testified that he, his wife,
and Mr. Valenzuela own the property.  In
the final divorce decree, the trial court characterized Mr. Valenzuela=s undivided one-half interest in the
property as community property and awarded Mr. Valenzuela=s interest to Ms. Parra.

On appeal, Mr.
Valenzuela contends that the trial court erred in awarding property to
Ms. Parra that was not part of the community property estate of the
marriage.  Mr. Valenzuela asserts that
the evidence showed that the house at 7509 Monterrey belonged to his mother and not to
the parties.

To determine
whether the trial court abused its discretion in its property division incident
to divorce, we engage in a two-pronged inquiry: 
(1) Did the trial court have sufficient information upon which to
exercise its discretion; and (2) Did the trial court err in its application of
discretion?  See Tate v. Tate, 55
S.W.3d 1, 5-6 (Tex.App.--El Paso 2000, no pet.); Lindsey v. Lindsey, 965
S.W.2d 589, 592 (Tex.App.--El Paso 1998, no pet.).








A spouse=s separate property consists of
property owned or claimed before marriage, acquired during marriage by gift,
devise, or descent, or recovery for personal injuries sustained by the spouse
during marriage, except any recovery for loss of earning capacity during
marriage.  See Tex.Fam.Code Ann. ' 3.001 (Vernon 2006).  Property possessed by either spouse during or
on dissolution of marriage is presumed to be community property.  Tex.Fam.Code
Ann. ' 3.003(a).  To overcome this presumption, a spouse must
present clear and convincing evidence to establish the property is separately
owned.  See Tex.Fam.Code Ann. ' 3.003(b).

In this case, Mr.
Valenzuela did not claim the disputed property as his separate property.  Rather, he denied having any present interest
in the house.  The evidence, however,
clearly shows that in 2002, Mr. Valenzuela=s
parents conveyed an undivided interest in the house at 7509 Monterrey. 
Specifically, Mr. Valenzuela=s
father testified that he, his wife, and Mr. Valenzuela owned the property and
Mr. Valenzuela conceded to the same at the final divorce hearing.  Moreover, all parties agreed that Mr.
Valenzuela was making the mortgage payments on the property.  Mr. Valenzuela does not dispute the trial
court=s finding
of a common law marriage between him and Ms. Parra as of 1994.  Thus, Mr. Valenzuela=s
interest in the house was acquired during the marriage and he presented no
clear and convincing evidence to establish it as his separate property.  The trial court had sufficient information
concerning Mr. Valenzuela=s
ownership interest to exercise its discretion and did not err in concluding
that this interest was part of the parties=
community property.  Mr. Valenzuela=s sole issue is overruled.

We affirm the
trial court=s
judgment.

 

 

 

August
10, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.