Opinion issued October 26, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00798-CV




SHEILA RENA PATTERSON, Appellant

V.

CLINT ALLEN BRIST, Appellee




On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2004-17094




OPINION DISSENTING FROM THE DENIAL OF
EN BANC CONSIDERATION
          In its opinion, the panel majority effectively applies the wrong standard of
review in this case, resulting not only in its error, but also a deviation from the prior
precedent of this Court and well-established Texas law. Accordingly, I respectfully
dissent from the denial of en banc consideration of this case. See Tex. R. App. P.
42.1(c).       
          In her sole issue, appellant, Patterson, argues that the trial court abused its
discretion in removing her as sole managing conservator and naming appellee, Brist,
as joint managing conservator with the right to designate their child’s residence
because “there is no evidence or insufficient evidence to support the trial court’s
finding that it is in [their child’s] best interest for . . . Brist to be named as joint
managing conservator with the right to designate [their child’s] residence.” 
          The panel majority correctly notes that we review a trial court’s decision on
custody, control, possession, and visitation matters for abuse of discretion, and
reverse the trial court’s order only if we determine, from reviewing the record as a
whole, that the trial court abused its discretion. Turner v. Turner, 47 S.W.3d 761, 763
(Tex. App.—Houston [1st Dist.] 2001, no pet.). It then states that “[a]n allegation of
legal or factual insufficiency is not treated as an independent ground of error in this
context because the appropriate standard of review is abuse of discretion.” See
Hardin v. Hardin, 161 S.W.3d 14, 19 (Tex. App.—Houston [14th Dist.] 2004, no
pet.). The panel majority recognizes that such “[s]ufficiency challenges are
incorporated into an abuse of discretion determination.” See McGuire v. McGuire,
4 S.W.3d 382, 387 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
          However, after recognizing that such sufficiency challenges are necessarily to
be incorporated into its abuse of discretion determination, the majority then proceeds
to review the case only for an abuse of discretion after viewing the evidence in the
light most favorable to the trial court’s decision without conducting a factual
sufficiency review.
          As noted by Patterson, in her briefing, this Court has previously explained that
although “sufficiency challenges are not independent points of error,” they “are
incorporated into an abuse of discretion determination.” Id. (emphasis added). In
McGuire, a child support case, we explained,
Once the reviewing court determines whether sufficient evidence exists,
it must then decide whether the trial court appropriately exercised its
discretion in applying the child support guidelines.

Id. (emphasis added). Thus, we “address[ed] both the sufficiency and abuse of
discretion prongs of the inquiry.” Id. In the instant case, the majority skips the first
part of the analysis, jumps immediately to the second, and concludes that the trial
court did not abuse its discretion. 
          The standard utilized in McGuire is well-established and has been applied in
the context of reviewing a trial court’s modification of a joint managing
conservatorship. In re T.D.C., 91 S.W.3d 865, 872 (Tex. App.—Fort. Worth 2002,
pet. denied). In T.D.C., also cited by appellant, the court held that the evidence was
factually insufficient to support the trial court’s finding of “positive improvement.” 
Id. at 873–74. The court discussed “positive improvement” in the context of whether
the modification was in the child’s best interest considering the Holley factors. Id.
at 873–76; see Holley v Adams, 544 S.W.2d 367, 371–72 (Tex. 1976). The court
further held,
Because positive improvement is the most important consideration of
the trial court in determining the issue of whether the prior
conservatorship order should be modified by appointing a new primary
managing conservator, we conclude that the trial court abused its
discretion in appointing Stoney as the primary managing conservator
based on a positive improvement finding that is contrary to the
overwhelming weight of the evidence.

Id. at 876. Chief Justice John Cayce, writing for the majority, articulated the standard
as follows:
In our review of modification under an abuse of discretion standard,
legal and factual sufficiency are not independent grounds of error, but
are relevant factors in deciding whether the trial court abused its
discretion. D.R. v. J.A.R., 894 S.W.2d 91, 95 (Tex. App.—Fort Worth
1995, writ denied); see In re D.S., 76 S.W.3d 512, 516 (Tex.
App.—Houston [14th Dist.] 2002, no pet.); Norris v. Norris, 56 S.W.3d
333, 338 (Tex. App.—El Paso 2001, no pet.). In determining whether
there has been an abuse of discretion because the evidence is legally or
factually insufficient to support the trial court’s decision, we engage in
a two-pronged inquiry: (1) Did the trial court have sufficient information
upon which to exercise its discretion; and (2) did the trial court err in its
application of discretion? D.S., 76 S.W.3d at 516; Norris, 56 S.W.3d at
338; see Lindsey v. Lindsey, 965 S.W.2d 589, 592 (Tex. App.—El Paso
1998, no pet.). The traditional sufficiency review comes into play with
regard to the first question. Lindsey, 965 S.W.2d at 592. We then
proceed to determine whether, based on the elicited evidence, the trial
court made a reasonable decision. Id.

Id. at 872. Chief Justice Cayce then set out the appropriate legal and factual
sufficiency standards of review and applied them by conducting the appropriate
reviews of the evidence. Id.
          In this case, this Court should do likewise. The panel majority’s failure to do
so leads to its error in affirming the trial court’s order and constitutes a deviation from
our prior precedent and well-established law. See Tex. R. App. P. 42.1(c).


 
 
 
 
                                                                                  Terry Jennings
                                                                                  Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.
Justice Hanks, concurring.
Justice Keyes, dissenting.
En banc consideration was requested. See Tex. R. App. P. 41.2(c).
A majority of the Court voted to deny en banc consideration. See id.
Justice Jennings, dissenting from the denial of en banc consideration.