# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00118-CV

**Angela M. Blackwell, Appellant**

**v.**

**Mark M. Humble, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NO. 28,167, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING**

## CONCURRING AND DISSENTING OPINION

Because I would affirm the judgment in all respects, I concur in the majority's opinion with regard to the first four issues and dissent from the remaining portions that reverse and remand this long-suffering appeal to the trial court.

We are to review a trial court's decision on custody, control, possession, and visitation matters for abuse of discretion, and reverse the trial court's order only if we determine, from reviewing the record as a whole, that the trial court abused its discretion. *See In re Jane Doe 2*, 19 S.W.3d 278, 281-82 (Tex. 2000); *Turner v. Turner*, 47 S.W.3d 761, 763 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Generally, orders arising from modification suits will not be disturbed unless the complaining party can demonstrate a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Such an abuse of discretion occurs when a trial court acts arbitrarily, unreasonably, or without regard to guiding rules or principles. *Id*. That a trial court may

decide a matter within its discretionary authority in a manner different from an appellate court in a similar circumstances does not demonstrate an abuse of discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In our review of a modification order under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error, but are relevant factors in deciding whether the trial court abused its discretion. *See Zeifman v. Michels*, 212 S.W.3d 582, 588 (Tex. App.—Austin 2006, pet. denied); *In re D.S.*, 76 S.W.3d 512, 516 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Norris v. Norris*, 56 S.W.3d 333, 338 (Tex. App.—El Paso 2001, no pet.). Because we apply an abuse of discretion standard, the traditional sufficiency standards of review overlap, and appellate courts apply a hybrid analysis. *Echols v. Olivarez*, 85 S.W.3d 475, 476-77 (Tex. App.—Austin 2002, no pet.). Under this hybrid analysis, we engage in a two-pronged inquiry: (1) did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion? *Id.* at 477-78; *Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex. App.—El Paso 1998, no pet.). The traditional sufficiency review comes into play with regard to the first question; we then proceed to determine whether, based on the evidence, the trial court made a reasonable decision, that is, whether the court's decision was arbitrary or unreasonable. *Lindsey*, 965 S.W.2d at 592.

As Blackwell argues in her fifth issue regarding access and possession, the trial court's temporary order has been in effect since April 2, 2003, "being modified by the Judgement being appealed herein, dated January 25, 2005, only by changing the name of the person to supervise the visits to a deputy sheriff." With regard to her access to and possession of the children, Blackwell

contends that the trial judge "abused his discretion in ordering the restricted possession in the first place and by continuing it in the permanent Judgment" and "by not setting out a program for phasing Appellant back into standard visitation."

In the modification orders dated March 7, 2003, and April 2, 2003, the trial court expressly found and stated in its written orders that the requested modifications were in the best interest of the children. In the 2004 proceedings that resulted in the judgment dated January 25, 2005, the court found that it had continuing, exclusive jurisdiction in the case, found Betty French and Monty Humble to have standing and appointed them co-possessory conservators, and changed the name of the person to supervise Blackwell's visits to a deputy sheriff. Based on Blackwell's "global" attack on the modification order as the majority describes it, the majority finds that (i) Blackwell objected on the ground that the trial court failed to include its iteration of "best interest" in its final judgment; and (ii) she preserved this ground. Blackwell neither objected on this ground, nor is it preserved.

Finding sufficient evidence to support the trial court's decision that "some limitations on Blackwell's possession and access would be in the children's best interests," the majority nevertheless disagrees with their "severity" and "the difficulty Blackwell will face in seeking future modifications that might allow her more contact with her children." Notwithstanding Blackwell's failure to request findings of fact, the majority finds these restrictions seemingly inconsistent with the trial court's decision to maintain Blackwell as a managing conservator and concludes that "we are left to speculate" about what the trial court "believed" the evidence to be. These judgments go to the heart of a trial court's discretion, and we may not substitute our judgments for that of the trial court.

Likewise, I would conclude the trial court did not abuse its discretion in appointing Monty Humble as a possessory conservator. The majority does not find that the trial court erred in granting Monty Humble standing, only that there were "meager facts." Because his testimony showed that he had seen the children regularly during their lives and was uncontroverted, the trial court did not abuse its discretion in allowing his intervention and appointing him a co-possessory conservator. Some evidence of a substantive and probative character exists to support the trial court's decision. In the absence of a statutory mandate, there is no abuse of discretion.

I would conclude that the extensive—albeit stale—record establishes that the trial court had sufficient evidence to support its modification order and that the trial court did not abuse its discretion. Given the standard of review, the trial court's decision was not unreasonable or arbitrary.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Filed: December 14, 2007

4