TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00118-CV






Angela M. Blackwell, Appellant


v.


Mark M. Humble, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT

NO. 28,167, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING




C O N C U R R I N G A N D D I S S E N T I N G O P I N I O N



 Because I would affirm the judgment in all respects, I concur in the majority's opinion
with regard to the first four issues and dissent from the remaining portions that reverse and remand
this long-suffering appeal to the trial court.

 We are to review a trial court's decision on custody, control, possession, and
visitation matters for abuse of discretion, and reverse the trial court's order only if we determine,
from reviewing the record as a whole, that the trial court abused its discretion. See In re Jane Doe 2,
19 S.W.3d 278, 281-82 (Tex. 2000); Turner v. Turner, 47 S.W.3d 761, 763 (Tex. App.--Houston
[1st Dist.] 2001, no pet.). Generally, orders arising from modification suits will not be disturbed
unless the complaining party can demonstrate a clear abuse of discretion. Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990). Such an abuse of discretion occurs when a trial court acts
arbitrarily, unreasonably, or without regard to guiding rules or principles. Id. That a trial court may
decide a matter within its discretionary authority in a manner different from an appellate court in a
similar circumstances does not demonstrate an abuse of discretion. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 In our review of a modification order under an abuse of discretion standard, legal
and factual sufficiency are not independent grounds of error, but are relevant factors in deciding
whether the trial court abused its discretion. See Zeifman v. Michels, 212 S.W.3d 582, 588
(Tex. App.--Austin 2006, pet. denied); In re D.S., 76 S.W.3d 512, 516 (Tex. App.--Houston
[14th Dist.] 2002, no pet.); Norris v. Norris, 56 S.W.3d 333, 338 (Tex. App.--El Paso 2001,
no pet.). Because we apply an abuse of discretion standard, the traditional sufficiency standards of
review overlap, and appellate courts apply a hybrid analysis. Echols v. Olivarez, 85 S.W.3d 475,
476-77 (Tex. App.--Austin 2002, no pet.). Under this hybrid analysis, we engage in a two-pronged
inquiry: (1) did the trial court have sufficient information upon which to exercise its discretion; and
(2) did the trial court err in its application of discretion? Id. at 477-78; Lindsey v. Lindsey,
965 S.W.2d 589, 592 (Tex. App.--El Paso 1998, no pet.). The traditional sufficiency review comes
into play with regard to the first question; we then proceed to determine whether, based on the
evidence, the trial court made a reasonable decision, that is, whether the court's decision was
arbitrary or unreasonable. Lindsey, 965 S.W.2d at 592.

 As Blackwell argues in her fifth issue regarding access and possession, the trial
court's temporary order has been in effect since April 2, 2003, "being modified by the Judgement
being appealed herein, dated January 25, 2005, only by changing the name of the person to supervise
the visits to a deputy sheriff." With regard to her access to and possession of the children, Blackwell
contends that the trial judge "abused his discretion in ordering the restricted possession in the first
place and by continuing it in the permanent Judgment" and "by not setting out a program for phasing
Appellant back into standard visitation."

 In the modification orders dated March 7, 2003, and April 2, 2003, the trial court
expressly found and stated in its written orders that the requested modifications were in the best
interest of the children. In the 2004 proceedings that resulted in the judgment dated January 25,
2005, the court found that it had continuing, exclusive jurisdiction in the case, found Betty French
and Monty Humble to have standing and appointed them co-possessory conservators, and changed
the name of the person to supervise Blackwell's visits to a deputy sheriff. Based on Blackwell's
"global" attack on the modification order as the majority describes it, the majority finds that
(i) Blackwell objected on the ground that the trial court failed to include its iteration of "best
interest" in its final judgment; and (ii) she preserved this ground. Blackwell neither objected on this
ground, nor is it preserved.

 Finding sufficient evidence to support the trial court's decision that "some limitations
on Blackwell's possession and access would be in the children's best interests," the majority
nevertheless disagrees with their "severity" and "the difficulty Blackwell will face in seeking future
modifications that might allow her more contact with her children." Notwithstanding Blackwell's
failure to request findings of fact, the majority finds these restrictions seemingly inconsistent with the
trial court's decision to maintain Blackwell as a managing conservator and concludes that "we are
left to speculate" about what the trial court "believed" the evidence to be. These judgments go to the
heart of a trial court's discretion, and we may not substitute our judgments for that of the trial court.

 Likewise, I would conclude the trial court did not abuse its discretion in appointing
Monty Humble as a possessory conservator. The majority does not find that the trial court erred in
granting Monty Humble standing, only that there were "meager facts." Because his testimony
showed that he had seen the children regularly during their lives and was uncontroverted, the trial
court did not abuse its discretion in allowing his intervention and appointing him a co-possessory
conservator. Some evidence of a substantive and probative character exists to support the trial
court's decision. In the absence of a statutory mandate, there is no abuse of discretion.

 I would conclude that the extensive--albeit stale--record establishes that the trial
court had sufficient evidence to support its modification order and that the trial court did not
abuse its discretion. Given the standard of review, the trial court's decision was not unreasonable
or arbitrary.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Filed: December 14, 2007