COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | |
|---|---|
| § | No. 08-07-00014-CV |
| § | |
| IN THE INTEREST OF E.V., § | Appeal from the |
| A MINOR CHILD. § | 383rd District Court |
| § | of El Paso County, Texas |
| § | (TC#2000CM4849) |
| § | |

**O P I N I O N**

Appellant, Adolfo Vieweg, Sr., appeals a trial court decision modifying the amount of his child support obligations to E.V. We reverse the judgment of the trial court and render judgment for Appellant.

**I. BACKGROUND**

On July 26, 2000, Appellee, the Attorney General of Texas ("Attorney General"), filed a Petition To Establish the Parent-Child Relationship, alleging that Vieweg was the father of E.V. The record reflects that, on October 12, 2000, the trial court entered an order establishing Vieweg's fatherhood and ordering him to pay child support to the mother of E.V., Maria Isela Pacheco ("Pacheco"), in the amount of $128 per month, beginning on November 1, 2000.

On August 9, 2006, the Office of the Attorney General filed its suit to modify the 2000 child support order. In his pleading, the Attorney General alleged that "[t]he circumstances of the child or a person affected by the order to be modified have materially and substantially changed since rendition of the order, or it has been three years since the order was rendered or last modified and

the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines."

The matter was referred to an associate judge. Following a trial, the associate judge found that Vieweg had a monthly income of $1,950 and that there was only one child before the court. The associate judge entered an order that modified Vieweg's monthly child support obligation to $390 and required Vieweg to provide health insurance for E.V. Vieweg appealed to the trial court on the basis that his income had not increased since the 2000 order and that he had other child support obligations for which he was entitled credit.

On December 14, 2006, the trial court conducted a hearing on the appeal. Vieweg testified that he operated a business fixing tires and welding. Vieweg testified that he was currently supporting four children, including E.V., and that he was under a court order to pay $250 per month in child support for two children from a previous marriage. Vieweg also testified that he had a fourth child for which he provided the mother "$50 sometimes, a week." Vieweg did not, however, offer into evidence any court documents concerning these alleged obligations. Although he introduced copies of various money orders in the amount of $250, the copies do not indicate the identity of the payee or the reason for the payments.

As for his income, Vieweg first testified that he made between $900 and $1,200 per month, but he subsequently stated that he made between $1,000 and $1,400 per month. He introduced his 2005 federal income tax return and testified that, after deductions, he had an income of $7,255 for that year.[1] The Schedule C statement for Vieweg's business listed gross receipts or sales of $18,950. Vieweg deducted $5,139 for the cost of goods sold, leaving a gross profit of $13,811. From this, he deducted a total of $1,215 for car and truck expenses, $2,116 for depreciation and section 179

---

[1] An amount equal to $604.58 per month.

expense deduction, $2,314 for utilities, and $711 for other expenses. Vieweg explained that the deduction of $5,139 was for welding gases. He denied selling any of the welding gases. As for his individual federal tax return, Vieweg listed $7,255 as his business income. He claimed that he would "barely . . . make the same" in 2006. Although he previously owned some other real estate, he testified that had to "give up" the properties, because he could not make the payments for them. Vieweg denied that he received any money for the properties.

On cross-examination, Vieweg was asked about the tax deduction in the amount of $1,215 for car and truck expenses. Vieweg responded that he lived in the same place that he worked and did not need "cars or the truck." Vieweg later testified that he owned three vehicles. He also acknowledged having sold certain automobiles, despite having testified on direct examination that he had no sources of income other than the income he received from his business. Vieweg's testimony also indicated that, because he lived on the property on which he had his business, he deducted the full amount of the cost of utilities and other items as business expenses.

During the hearing, the trial court inquired as to the location of the business and noted that he was familiar with it. The trial judge noted that the business was a "huge welding shop" and that he had seen it. At the close of the hearing, the trial judge announced that he would deny the appeal and explained, "I just don't find the income tax records credible. I know the business he is referring to. It's right there on Alameda Street and it's a huge, a warehouse and he obviously commingles all his expenses into the business and I don't believe his testimony that sometimes he makes no money." The trial court subsequently entered an order adopting the associate judge's order.

In this appeal, Vieweg argues that the trial court erred in finding that there was a material and substantial change in his circumstances to warrant modification of the child support order, because there was no evidence that there had been a change in Vieweg's financial resources between the 2000

order and the December 14, 2006 hearing.[2]

## II.  DISCUSSION

### A.  Standard of Review

When the trial court is the trier of fact, a legal sufficiency challenge to the trial court's findings of fact is reviewable under the same standard that is applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *In re Expunction of J.A.*, 186 S.W.3d 592, 595 (Tex. App.--El Paso 2006, no pet.).

A "no-evidence" or legal insufficiency point is a question of law, which challenges the legal sufficiency of the evidence to support a particular fact finding.  *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 579 (Tex. App.--El Paso 2004, pet. denied).  When, as here, the party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding."  *Id.*  A legal sufficiency or "no-evidence" challenge will be sustained on appeal, if the record shows:  (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Carrasco v. Stewart*, 224 S.W.3d 363, 367 (Tex. App.--El Paso 2006, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005)).

In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable juror (or judge, sitting as a fact finder) could, and disregarding contrary evidence if a reasonable fact finder could not.  *City of Keller*, 168 S.W.3d at 807.  We are to consider the evidence in the light most favorable to the verdict and indulge

---

[2] Neither the Attorney General nor Pacheco filed a response brief in this matter, and neither Vieweg (who is now pro se), the Attorney General, nor Pacheco appeared at the oral argument, which Vieweg's former counsel had requested.

every reasonable inference that would support it. *Id.* at 822. However, if the evidence allows of only one inference, the trier of fact may not disregard it. *Id.* When a no-evidence point of error rests on the competency of the evidence, we may not disregard contrary evidence showing it to be incompetent. *Id.* at 812.

Most of the appealable issues in family law, including the issue of child support, are evaluated against an abuse of discretion standard. *Duran v. Garcia*, 224 S.W.3d 309, 313 (Tex. App.--El Paso 2005, no pet.) (citing *Tate v. Tate*, 55 S.W.3d 1, 5-6 (Tex. App.--El Paso 2000, no pet.)). An order regarding child support will not be disturbed on appeal, unless the complainant demonstrates a clear abuse of discretion. *Lindsey v. Lindsey*, 965 S.W.2d 589, 591 (Tex. App.--El Paso 1998, no pet.). The test for abuse of discretion is not whether the facts present an appropriate case for the trial court's actions in the opinion of a reviewing court, but whether the trial court acted without reference to any guiding rules and principles. *Id.* In other words, the appropriate inquiry is whether the ruling was arbitrary and unreasonable. *Id.*; *Hodson v. Keiser*, 81 S.W.3d 363, 367 (Tex. App.--El Paso 2002, no pet.). The mere fact that a trial judge may decide a matter within his discretionary authority in a manner different from how an appellate judge in a similar circumstance would have ruled does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Tel. Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex. 1965); *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959). An abuse of discretion does not occur so long as some evidence of a substantive and probative character exists to support the trial court's decision. *Lide v. Lide*, 116 S.W.3d 147, 152 (Tex. App.--El Paso 2003, no pet.); *Sotelo v. Gonzales*, 170 S.W.3d 783, 788 (Tex. App.--El Paso 2005, no pet.).

"In the child support context, an appellant may challenge the sufficiency of the evidence to support a finding of net resources, a finding of the proven needs of the child, a finding of voluntary

unemployment or underemployment, or a finding of a material and substantial change in circumstances." *Knight v. Knight*, 131 S.W.3d 535, 539 (Tex. App.--El Paso 2004, no pet.) (citing *Hodson v. Keiser*, 81 S.W.3d 363, 367 (Tex. App.--El Paso 2002, no pet.)). To such a challenge, we employ a two-pronged analysis: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) if so, did the trial court err in its application of discretion? *Lindsey*, 965 S.W.2d at 592. A traditional sufficiency review is applied to the first question. *Id.* If we determine that sufficient evidence exists, we then decide whether the trial court made a reasonable decision. *Id.* In other words, we must decide whether the trial court's decision was neither arbitrary nor unreasonable. *Id.*

## B. The Modification Order

Section 156.401 of the Texas Family Code provides, in pertinent part:

> (a) Except as provided by Subsection . . . (b), the court may modify an order that provides for the support of a child . . . under Section 154.182, if:
>
> > (1) the circumstances of the child or a person affected by the order have materially and substantially changed since . . .:
> >
> > > (A) the date of the order's rendition; or
> >
> > .   .   .
> >
> > (2) it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines.

TEX. FAM. CODE ANN. § 156.401(a). When a decision of an associate judge is appealed to the referring court, as in this case, the matter is tried *de novo* by the referring court. *See* TEX. FAM. CODE ANN. § 201.015; *see also Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.--El Paso 1998, no pet.). The party seeking modification has the burden to show the requisite change in circumstances

since the entry of the prior order. *See Hodson*, 81 S.W.3d at 368; *Lindsey*, 965 S.W.2d at 593. Accordingly, the Attorney General and Pacheco had the burden to prove at least one of the grounds for modification provided in section 156.401(a).

The only person to testify at the trial was Vieweg. Although the Assistant Attorney General may have successfully impeached portions of Vieweg's testimony, she did not elicit any evidence that Vieweg's income was $1,950 per month. The Attorney General and Pacheco did not present any witnesses or evidence at the trial. They did not provide any evidence as to Vieweg's financial circumstances at the time of the initial order and none is contained in the record.[3] Nor did they present any evidence as to Vieweg's financial circumstances at time of the trial. They presented no evidence concerning a material and substantial change in the circumstances of E.V. or anyone else affected by the child support order. Although the trial judge doubted the credibility of Vieweg's tax returns and was familiar with the location and physical size of Vieweg's business, this does not constitute evidence that Vieweg's income was $1,950 per month. There was no evidence of a substantive and probative character to support the trial court's finding that Vieweg's monthly income was $1,950. Accordingly, we hold that the trial court did not have sufficient information to exercise its discretion in this case, and it abused its discretion by increasing Vieweg's child support obligation to $390 per month.

### III. CONCLUSION

We sustain Vieweg's issue, reverse the judgment of the trial court, and render judgment for Appellant.

---

[3] Although the record indicates, and none of the parties disputes, that, on October 12, 2000, the court ordered Vieweg to pay monthly child support in the amount of $128, the order itself is not contained in the record.

KENNETH R. CARR, Justice

May 1, 2008

Before Chew, C.J., McClure, and Carr, JJ.