**Petition for Writ of Prohibition Denied; Petition for Writ of Mandamus Granted, in part, Denied, in part and Memorandum Opinion filed July 14, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-15-00412-CV
NO. 14-15-00413-CV

**IN RE GREG TODD, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF PROHIBITION**
**WRIT OF MANDAMUS**
**309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-28650**

### MEMORANDUM OPINION

On May 6, 2015, relator Greg Todd filed a joint petition for writ of mandamus and petition for writ of prohibition in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petitions, relator asks this Court to compel the Honorable Alicia Franklin York, presiding judge of

the 309th District Court of Harris County, to: (1) provide relator with the written transcript and audio recordings of a December 18, 2014 hearing; and (2) vacate the trial court's January 5, 2015 temporary orders. We deny relator's petition for writ of prohibition. We conditionally grant relator's petition for writ of mandamus, in part, and deny the remainder.

## BACKGROUND

Relator Greg Todd and real party in interest Katrina Hunter were divorced in 2008. On July 18, 2013, a Georgia court entered a final order on Hunter's petition for modification of custody and cross-claims for contempt. The order found that relator had failed to pay child support and was in arrears $39,844.00. The Georgia court ordered relator to begin paying child support and arrearage payments in the total amount of $400.00 per month, but did not hold relator in contempt.

On May 20, 2014, relator, seeking to modify the Georgia order, filed a petition to modify the parent-child relationship in the 309th District Court of Harris County, where the children then resided. On August 25, 2014, Hunter filed a counter-petition that also sought modification of the Georgia order and requested that temporary orders be entered.

The trial court initially set a hearing on Hunter's request for temporary orders for September 23, 2014; however, the hearing was ultimately reset to December 18, 2014 at relator's request. Although he was properly noticed, relator did not appear for the December 18, 2014 hearing. Associate Judge Charley Prine heard the matter and orally pronounced his ruling on the temporary orders, which was also reflected in detail on the trial court's docket sheet. The temporary orders were set for entry on January 5, 2015.

2

On January 5, 2015, Hunter appeared for the hearing on the entry of the temporary orders orally pronounced on December 18, 2014. Relator did not appear, but instead filed a petition for writ of mandamus with this Court, which was denied on January 6, 2015, due to relator's failure to attach a copy of the trial court's order or a transcript of the December 18, 2014 hearing. The trial court entered the temporary orders on January 5, 2015, the relevant portion of which directed relator to pay monthly child support in the amount of $1,000.00.

On February 10, 2015, Hunter filed a motion to modify the temporary orders, which essentially alleged that the January 5, 2015 temporary orders were no longer in the best interest of the children due to relator's continued improper and harassing actions.

On February 11, 2015, then-presiding Judge Sheri Y. Dean *sua sponte* recused herself. The case was reassigned to the 311th District Court, Judge Alicia Franklin York presiding.

On February 26, 2015, Hunter filed a motion for enforcement of child support. In the motion, Hunter alleged that relator had not paid any child support or attorney's fees as ordered, and had violated other provisions of the court's temporary orders.

On April 8, 2015, the parties entered into a Rule 11 agreement whereby Hunter agreed to reset the temporary orders hearing—then set for April 9—to May 7, 2015, so that the motion to modify temporary orders could be heard in conjunction with the motion for enforcement. In exchange, relator stipulated that he agreed to appear at the hearing on May 7. Accordingly, Hunter's motions for

enforcement and to modify temporary orders were therefore both set for hearing on May 7.

On May 6, 2015, relator filed the instant petitions for writ of prohibition and writ of mandamus in this Court, along with an emergency motion seeking to stay the May 7 hearing. On May 6, we issued an order staying the hearing.

RELATOR'S PETITION FOR WRIT OF PROHIBITION

A writ of prohibition "operates like an injunction issued by a superior court to control, limit or prevent action in a court of inferior jurisdiction." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex. 1989) (orig. proceeding). The writ is typically used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Id.* at 683. Appellate courts have no authority to issue writs of prohibition to protect unappealed district court judgments. *Id.*

Relator does not identify any action by the trial court which he seeks to prohibit. Moreover, there is no appeal pending in this case to be protected. *See id.*; *see also In re Kalathil*, No. 14–10–00935–CV, 2010 WL 3869305, at *1 (Tex. App.—Houston [14th Dist.] Oct. 5, 2010, orig. proceeding) (concluding that where there is no appeal pending to be protected, a writ of prohibition is inappropriate). Relator does not ask this Court for relief consistent with a request for a writ of prohibition, and his request for such a writ is denied.

RELATOR'S PETITION FOR WRIT OF MANDAMUS

In his petition for writ of mandamus, relator contends in two issues that: (1) the trial court erred by "preventing and interfering with Relator's right to retrieve a

4

copy of the court transcripts of the December 18, 2014 hearing"; and (2) the trial court erred by ordering relator to pay increased child support in violation of the Texas Family Code.

## STANDARD OF REVIEW

A writ of mandamus will issue only to compel the performance of a ministerial act or duty, or to correct a clear abuse of discretion for which the relator lacks an adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *In re C.H.C.*, 392 S.W.3d 347, 349 (Tex. App.—Dallas 2013, no pet.).

## ANALYSIS

### 1. Relator's Request To Compel Production Of The Hearing Record

In his first issue, relator contends that he has been denied a copy of the transcript from the December 18, 2014 hearing. Relator further contends, because he was allegedly denied a copy of the transcript, such denial "suggests that something suspicious, and possibly criminal, is afoot in the trial court's attempt to secrete the records." Relator therefore requests this Court to compel the trial court

and the trial court reporter for the December 18, 2014 hearing to produce both the transcript of the hearing and any audio recordings from the hearing.

The transcript of the December 18, 2014 hearing has since been produced and was included with Hunter's mandamus response. Relator has not alleged circumstances justifying this Court to compel the production of any audio recording that may exist.[1] Accordingly, we deny relator's first issue as moot.

## 2. Relator's Request To Vacate The January 5, 2015 Temporary Orders

Although relator requests that we vacate the January 5, 2015 temporary orders in their entirety, relator's second issue only specifically challenges the portion of the January 5, 2015 temporary orders increasing relator's child support obligation to $1,000.00 per month.

A court may enter temporary orders—including orders for the temporary support of the child—and such temporary orders are not subject to interlocutory appeal. *See* Tex. Fam. Code Ann. §§ 105.001(a), (e) (West 2014). Accordingly, a challenge to temporary orders in a suit affecting the parent-child relationship is allowed through mandamus, as there is no adequate remedy by appeal. *See Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding); *In re Ostrofsky*, 112 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

The Texas Family Code allows a court to modify a child support order if the movant shows that the circumstances of the child or a person affected by the order

---

[1] Even if relator had alleged sufficient circumstances, we would still deny this portion of relator's mandamus request, as relator has not demonstrated that he requested this relief from the trial court and that his request was denied. *See Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) ("As a rule, mandamus is not available to compel an action which has not first been demanded and refused.").

have materially and substantially changed since the date of the order's rendition. Tex. Fam. Code Ann. § 156.401(a)(1) (West 2014); *Cameron v. Cameron*, 158 S.W.3d 680, 682 (Tex. App.—Dallas 2005, pet. denied). "To determine whether there has been a substantial and material change, the court must compare the financial circumstances of the child and the affected parties at the time the order was entered with the circumstances at the time the modification is sought." *Cole v. Cole*, 882 S.W.2d 90, 92 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Without evidence setting out the financial circumstances of the parties at both relevant points in time, the family court cannot make a determination that there has been a material and substantial change. *See id.* The party seeking the modification has the burden of establishing a material and substantial change. *In re C.H.C.*, 392 S.W.3d at 349; *Rumscheidt v. Rumscheidt*, 362 S.W.3d 661, 667 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

At the December 18, 2014 hearing—at which relator, though having received notice, was not present—the trial court heard the following brief testimony relating to the proposed modification to child support:

Q.     And to your knowledge what is Mr. Todd's profession?

A.     He's in real estate.

Q.     Does he have the capability to make at least $65,000 a year?

A.     That would be minimum, yes.

Q.     Are you asking that the Court order that he pay child support in the amount of $1,000 per month beginning January 1, 2015?

A.     Yes.

7

Hunter did not introduce any exhibits that might establish relator's income or demonstrate any material and substantial change in the circumstances of the children or any affected parties. The trial court concluded the hearing as follows:

> THE COURT: All right. I find the Court has jurisdiction over this matter. I find that there has been a change in circumstance and an immediate danger to the children. Therefore; I am granting your temporary orders as requested and setting an entry date of January 5, 2014. [sic]

The portion of the requested temporary orders that sought to increase relator's monthly child support obligation to $1,000.00 were, in effect, seeking to modify the Georgia court's order that relator pay $400.00 per month in child support. As such, it was incumbent upon Hunter—the party seeking the modification—to demonstrate that the circumstances of the children or an affected party had materially and substantially changed since the date of the Georgia order's rendition. *See* Tex. Fam. Code Ann. § 156.401(a)(1); *Rumscheidt*, 362 S.W.3d at 667.

After reviewing the evidence before the trial court, we conclude that the evidence was insufficient to support a modification of the prior child support order. Hunter presented no evidence of the financial circumstances of the children or herself, either at the time of the Georgia order's entry in 2013 or at the time of the December 18, 2014 hearing. Nor did she present any evidence as to the financial circumstances of relator at the time of the prior order, and any evidence as to relator's financial circumstances at the time of the December 18, 2014 hearing was tenuous at best. Accordingly, the portion of the trial court's January 5, 2015 temporary orders that increased relator's child support obligation was an abuse of discretion. *See, e.g., In re E.V.*, 255 S.W.3d 389, 394 (Tex. App.—El Paso 2008,

8

no pet.) (where no evidence was presented at trial of father's financial circumstances at time of trial or at time of previous order, or of a material and substantial change in the circumstances of the child or any other affected party, the trial court abused its discretion by increasing the father's monthly child support obligation); *In re C.C.J.*, 244 S.W.3d 911, 918 (Tex. App.—Dallas 2008, no pet.) (where father's income had increased, but no evidence was presented to trial court of the financial circumstances of mother or children at the time of divorce decree, trial court abused its discretion by ordering an increase in father's monthly child support obligation); *London v. London*, 94 S.W.3d 139, 143–45 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (trial court abused its discretion where it increased father's child support obligation without evidence regarding the financial circumstances of the children or parties affected by the order at the time the order was entered).

## CONCLUSION

We conclude that relator has not shown himself entitled to the extraordinary relief of a writ of prohibition, and relator's petition for writ of prohibition is therefore denied. Regarding relator's petition for writ of mandamus, we hold that the trial court abused its discretion by increasing relator's monthly child support obligation without sufficient evidence that the circumstances of the children or a person affected by the order have materially and substantially changed since the date of the Georgia order's rendition. Accordingly, we conditionally grant the petition for writ of mandamus, in part, and direct the trial court to vacate that portion of its January 5, 2015 temporary orders increasing relator's monthly child support obligation to $1,000.00. We are confident that the trial court will act in

9

accordance with this opinion. The writ will issue only if the trial court fails to do so. We deny the remainder of the petition for writ of mandamus and lift our stay issued on May 6, 2015.

PER CURIAM

Panel consists of Justices Jamison, Busby, and Brown.