In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-048 CV


____________________



THOMAS L. PELLEGRINI, Appellant



V.



CLIFFWOOD-BLUE MOON JOINT VENTURE, INC., 


MICHEL BECHTEL, AND THOMAS MCWHORTER, Appellees






On Appeal from the 9th Judicial District Court


Montgomery County, Texas


Trial Cause No. 99-12-07026 CV






OPINION


 Thomas L. Pellegrini appeals a take-nothing judgment on his fraud claim against
Cliffwood-Blue Moon Joint Venture, Inc. ("Joint Venture"), Thomas McWhorter, and
Michel Bectel. Joint Venture was formed in 1997 to drill for oil and gas in a 150 square
mile area in Louisiana. Bectel and McWhorter were officers of Joint Venture. They also
held a 20% ownership interest in Joint Venture through Blue Moon Exploration Company. 
 Pellegrini, a consulting geophysicist, contracted with Joint Venture in 1997 in Texas
to provide analysis of subsurface data for the 150 square mile area. Pellegrini was paid
$9,000 at the conclusion of each of three project phases. For any prospects "developed"
within the area during the term of the consulting contract, he also received an overriding
royalty. However, a dispute arose between the parties as to whether one well, Prime
Martin Well No. 1 (referred to during development as "the West Ridge Prospect"), was
developed during the term of the contract. 

 Prime Martin Well No. 1 was drilled in the West Ridge Field in Lafayette Parish
in 1998. Pellegrini asserted his right to an overriding royalty from Prime Martin No. 1
under the contract. Joint Venture asserted the well was never a prospect of Joint Venture
and rejected his claim. The prospect was asserted to be the result of a prior nearby dry
hole, or unsuccessful drill. Essentially, appellees asserted that the prospect was developed
in 1996, after the dry hole, by investors in the dry hole, but not drilled until 1998 only
because land interests were not settled until then. Joint Venture filed a declaratory
judgment action against Pellegrini, who then sued Joint Venture, Bectel, and McWhorter.

 Pellegrini alleged several theories of recovery, including breach of contract and
fraud. However, Pellegrini's claim was presented to the jury solely on the fraud theory,
and he raises no issue on appeal concerning his breach of contract claim. Issues related
to the Joint Venture's declaratory judgment action were also submitted to the jury. The jury found that the West Ridge Prospect was developed prior to Pellegrini's
contract with Joint Venture, and that Joint Venture never owned any interest in the West
Ridge Prospect. Those findings are not challenged on appeal. But the jury also found that
McWhorter (but not Joint Venture or Bectel) committed fraud against Pellegrini "about
whether he would be assigned an overriding royalty interest in any prospect developed
during the term of the Geophysical Consulting Agreement," and that Pellegrini was
harmed by this fraud. Nevertheless, the jury awarded zero damages to Pellegrini. The
trial court's take-nothing judgment reflected the jury's verdict. 

 Pellegrini challenges the sufficiency of the evidence to support the finding of zero
damages, and also challenges the failure of the jury to find fraud by Bectel and Joint
Venture. Appellees respond that the trial court should not have submitted the fraud claim
to the jury, because there can be no fraudulent failure to disclose when there is no legal
duty to disclose. 

 A fraud cause of action requires proof of the following elements: 1) a material
misrepresentation; 2) that was either known to be false when made or was asserted without
knowledge of its truth; 3) which was intended to be acted upon; 4) which was relied upon; 
 and 5) which caused injury. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex.
2001); Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs and Contractors, Inc., 960
S.W.2d 41, 47-48 (Tex. 1998). The jury's unchallenged findings that the West Ridge
Prospect was neither owned by Joint Venture nor developed during the term of the contract
established that Joint Venture was not obligated under the contract to pay Pellegrini a
royalty on the well. Appellees' intent not to pay the royalty was therefore in compliance
with the terms of the contract entered into with Pellegrini. But Pellegrini contends his
fraud claim arises out of the contract negotiations. He says during his initial meeting with
Bechtel and McWhorter he was shown a map which included West Ridge Field. The West
Ridge Prospect was located within the 3-D map shown to Pellegrini during the initial
meeting. The contract did not identify or exclude the West Ridge Prospect. Pellegrini
testified he worked on the prospect and believed the area he was mapping included the
West Ridge Prospect. He cites no actionable affirmative misrepresentation. Under the
jury instruction as submitted, appellees nevertheless would be liable for a failure to
disclose that the West Ridge Prospect was not included in the contract. 

 Nondisclosure of a material fact may be equivalent to a misrepresentation when the
circumstances impose a duty to speak and the party deliberately remains silent. Whether
a duty to speak exists under the circumstances is a question of law for the court. Bradford
v. Vento, 48 S.W.3d 749, 755 (Tex. 2001). Generally, a duty to speak exists only when
the parties have a fiduciary or confidential relationship. Insurance Co. of N. Am. v.
Morris, 981 S.W.2d 667, 674 (Tex. 1998). No fiduciary or confidential relationship
between the parties was pleaded or proven by Pellegrini. However, the Texas Supreme
Court has noted that some courts of appeals have recognized a legal duty of disclosure in
arms-length transactions when a partial disclosure has created a false impression. See
Bradford, 48 S.W.3d at 755-56. See, e.g., Lesikar v. Rappeport, 33 S.W.3d 282, 299
(Tex. App.--Texarkana 2000, pet. denied); Hoggett v. Brown, 971 S.W.2d 472, 487 (Tex.
App.--Houston [14th Dist.] 1997, pet. denied). We consider whether a duty to disclose
existed under the circumstances presented here. 

 In Bradford v. Vento, the Supreme Court noted that the "Restatement (Second) of
Torts section 551 also recognizes a general duty to disclose facts in a commercial setting." 
Bradford, 48 S.W.3d at 755-56. Without expressly adopting the duty, the Supreme Court
held in that case there was no evidence to support the jury's liability finding. Id. at 756. 
The Court cited comment k to section 551, which explains that a defendant may reasonably
expect the plaintiff to make his own investigation, draw his own conclusions, and protect
himself. Id. The Court noted there was no evidence in that case that the defendant knew
the plaintiff had not obtained the relevant information from other sources, and that there
was no evidence defendant knew the plaintiff was ignorant of the terms or did not have an
equal opportunity to discover them. Id. 

 In this case, the negotiations involved an arms-length transaction between parties
who were expert in the subject matter of the contract. Pellegrini had been in the oil and
gas business for a considerable period of time. The purpose of his work under the contract
was to develop new oil and gas prospects. He was aware of the prior dry hole. Given the
language of the contract as written, the parties had an interest, before entering into the
contract, in identifying those "prospects" already "developed" and therefore not subject
to the contract. Given the expertise of the participants, a party considering entering into
the contract would be expected to discover and clarify this information. Pellegrini could
reasonably be expected to make an investigation, ask questions, draw his own conclusions,
and protect his own interests. He cites no evidence appellees knew that he was ignorant
of the prior development of the West Ridge Prospect or that he did not have the ability or
opportunity to learn of the prior development. 

 Essentially, this case arose out of a contract dispute over the meaning of
"developed" and the meaning of "prospect," as those terms were used in the contract. But
those disagreements relate to the breach of contract claim. And we are not asked to
determine the correctness of the jury's findings on whether the West Ridge "Prospect" was
"developed" during the term of contract. 

 Nondisclosure does not give rise to a fraud claim unless the circumstances first give
rise to a duty to disclose the information. Here, Pellegrini did not lack the opportunity,
knowledge, and expert ability to determine the prior development of the West Ridge
Prospect -- to identify and clarify whether a "prospect" "developed" from knowledge from
the dry hole was to be included in the contract -- before he entered into the contract. We
find no duty to disclose the prior development of the West Ridge Prospect under the
circumstances of this arms-length commercial transaction. Because there was no duty to
disclose, the fraud claim should not have been submitted to the jury. 

 Issues one through seven attack the jury's findings on the fraud claim. We have
concluded the fraud issues should not have been submitted to the jury. We therefore
overrule issues one through seven. Issue eight concerns the awarding of costs. The trial
court held each party responsible for its own costs, and both parties assert error. A
successful party is entitled to recover its costs. Tex. R. Civ. P. 131. Appellees were the
successful parties. Costs should be assessed against appellant. See, generally, Howell
Crude Oil Co. v. Donna Refinery Partners, Ltd., 928 S.W. 2d 100, 112 (Tex. App.--Houston [14th Dist.] 1996, writ denied).

 The judgment is modified to assess costs against appellant, and as modified is
affirmed. 

 AFFIRMED AS MODIFIED.


 _________________________________

 DAVID B. GAULTNEY

 Justice 

Submitted on May 22, 2003

Opinion Delivered August 28, 2003 


Before McKeithen, C.J., Burgess and Gaultney, JJ.