

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HECTOR E. CANTILLO, | § | No. 08-20-00143-CV |
| Appellant, | § | Appeal from the |
| v. | § | 146th District Court |
| LORENA CANTILLO, | § | of Bell County, Texas |
| Appellee. | § | (TC# 302,185-B) |

## O P I N I O N

Arguing that Appellee, Laura Cantillo ("Wife"), committed fraud by nondisclosure when she and Appellant, Hector Cantillo ("Husband"), entered into a mediated settlement agreement ("MSA"), he asks this Court to reverse the trial court's denial of his Motion to Set Aside the MSA. We affirm the trial court's ruling finding the evidence is legally sufficient to support its judgment.

## BACKGROUND

On April 2, 2020, in a contested divorce proceeding, the parties agreed to the MSA, which included a disposition of the couple's property. The MSA awarded Wife "all of the personal property in her possession with the exception of any of the following equipment found in the martial residence:" which included the laptop and cell phone. Husband testified Wife's possession of the laptop and cell phone was "a key factor" in his decision to enter into the MSA and gave her

much of their joint property and custody of their daughter, which he had previously sought. He explained he wanted the devices because of the effect the contents of the laptop and cell phone could have on his military career—a topic that was not addressed in the MSA. Husband assumed Wife had the laptop and cell phone because he had left them in the marital home retained by Wife when he was removed via an *ex parte* order over fifteen months prior—on December 14, 2018. Husband said he understood Wife possessed the laptop and cell phone because she had shared copies of pictures and videos from the devices coupled with her request to keep all their marital home's possessions soon after he petitioned for the return of the laptop and cell phone.

After executing the MSA, Husband discovered the FBI had possession of the laptop and cell phone since before the mediation. On May 6, 2020, Husband filed a Motion to Set Aside the MSA because he alleged Wife committed fraud by failing to disclose she did not possess the laptop and cell phone. At no time did Wife represent she possessed the laptop or cell phone. At no time did Husband ask if Wife actually possessed the laptop or cell phone, either in the discovery process, during mediation, or otherwise.

Nothing in the MSA prohibits the parties from disclosing anything to the FBI. The MSA identifies the laptop and cell phone as the Husband's sole and separate property such that he has a superior right to possession to them, which is confirmed in the Final Decree of Divorce. The MSA does not require Wife to surrender any of the personal property disposed of in the MSA to Husband. The Husband retains the right of possession to the laptop and cell phone and may retrieve them from the FBI when they are released.

## DISCUSSION

*Issue*

2

Did the trial court err in denying Husband's Motion to Set Aside the MSA based on Wife's alleged fraud by failing to disclose she was not in possession of the laptop and cell phone?

*Standard of Review*

The standard of review on a denial of a party's Motion to Set Aside an MSA is abuse of discretion. *Triesch v. Triesch,* No. 03–15–00102–CV, 2016 WL 1039035, at *1 (Tex.App.—Austin Mar. 8, 2016, no pet.)(mem. op.); *R.H. v. Smith,* 339 S.W.3d 756, 765 (Tex.App.—Dallas 2011, no pet.). An abuse of discretion occurs when there is no evidence in the record upon which the court could make a rational decision. *Triesch,* 2016 WL 1039035, at *1; *Echols v. Olivarez,* 85 S.W.3d 475, 477 (Tex.App.—Austin 2002, no pet.); *Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 938 (Tex.App.—Austin 1987, no writ). In examining the sufficiency of the evidence, we ask: "(1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion?" *Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex.App.—El Paso 1998, no pet.). On a legal sufficiency challenge, we review the evidence "in the light most favorable to the finding and indulge every reasonable inference that supports the challenged finding." *White v. Zhou Pei*, 452 S.W.3d 527, 537 (Tex.App.—Houston [14th Dist.] 2014, no pet.); *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

*Applicable Law*

A trial court is not required to enforce an otherwise binding mediated settlement agreement if it was procured by fraud, such as when one party induces the other into an agreement in reliance on an intentional nondisclosure of material information that the party has a duty to disclose. *Boyd v. Boyd*, 67 S.W.3d 398, 404-05 (Tex.App.—Fort Worth 2002, no pet.). Fraud by nondisclosure, a subcategory of fraud, is comprised of the following elements:

3

(1) the defendant failed to disclose facts to the plaintiff,

(2) the defendant had a duty to disclose those facts,

(3) the facts were material,

(4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts,

(5) the defendant was deliberately silent when it had a duty to speak,

(6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting,

(7) the plaintiff relied on the defendant's nondisclosure, and

(8) the plaintiff was injured as a result of acting without that knowledge.

*In re C.M.V.*, 479 S.W.3d 352, 361-62 (Tex.App.—El Paso 2015, no pet.).

*Analysis*

Husband first argues the trial court denied his Motion to Set Aside the MSA using the incorrect legal standard, having found no "affirmative misrepresentation fraud" rather than considering "fraud by nondisclosure," which is what Husband raised, i.e., Wife remaining silent despite having a duty to speak. Husband argues recovering the laptop and cell phone was "material to [him] when entering into the Mediated Settlement Agreement," and critical in inducing him into the agreement.

The trial court's Findings of Fact and Conclusions of Law state Wife made no representations she was in actual possession of the items at issue. At the hearing on the Husband's Motion to Set Aside the MSA, Husband fully testified regarding allegations of the subcategory of fraud by nondisclosure and his inducement. His counsel argued the same to which the trial court stated, "I don't believe that there's been sufficient evidence presented that there has been fraud

4

that would be sufficient to invalidate and set aside the agreement."

Husband addresses each element of fraud by nondisclosure in a conclusory manner without providing sufficient legal authority to support his contentions based on the facts in this case. He contends Wife had a duty to inform him she did not have possession of the laptop and cell phone and he did not have an equal opportunity to discover she did not possess the items. Absent a duty to disclose or any other requisite element above, there is no actionable nondisclosure fraud. *In re C.M.V.*, 479 S.W.3d at 361-62; *see also Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex.App.—Houston [14th Dist.] 1997, pet. denied).

### *Duty to Disclose?*

Whether Wife had a duty to disclose the electronic items that were not in her possession is a question of law. *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). Some of our sister courts have held "[a] duty to disclose may arise in four situations: (1) where there is a special or fiduciary relationship; (2) where one voluntarily discloses partial information, but fails to disclose the whole truth; (3) where one makes a representation and fails to disclose new information that makes the earlier representation misleading or untrue; and (4) where one makes a partial disclosure and conveys a false impression." *Lesikar v. Rappeport*, 33 S.W.3d 282, 299 (Tex.App.—Texarkana 2000, pet. denied); *Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex.App.—Houston [14th Dist.] 1997, writ denied).

Husband acknowledges there was no fiduciary relationship between him and Wife. However, he asserts, the other situations in which a duty to disclose may arise, exist in this case.

### *Disclosure of partial information but not the whole truth?*

Husband argues Wife voluntarily disclosed partial information but not the whole truth in

June 2019 and January 2020, when she "voluntarily disclosed copies of photos and videos of her husband's extramarital affair" from the laptop and cell phone to his employer "[t]hus confirming she had possession of the requested items." He also argues when Wife sought to have all of the personal property in the marital home awarded to her soon after he repeatedly attempted to persuade the trial court to award him the laptop and cell phone. He asserts Wife "created further impressions that [she] still had possession" of the items, therefore had the duty to disclose "she no longer had possession of the items, the reason she no longer had possession of the items, and the fact that the items were utilized by [her] in attempt [sic] to initiate a federal investigation against her husband . . . ." Other than identifying the appropriate legal standard, Husband fails to produce any legal authority to support the contentions he makes regarding Wife's alleged voluntary disclosure of partial information.

Husband has failed to establish Wife had a duty to disclose the location of the devices based on his allegation she voluntarily disclosed partial information but not the whole truth. The trial court was well within its discretion when it found Wife made no representation she was in possession of the laptop or cell phone.

*Made a representation and failed to disclose new information that makes the earlier representation misleading or untrue?*

Husband asserts that Wife "[a]t some point between December 14, 2018 and April 1, 2020, [she] voluntarily turned over possession" of the laptop and cell phone to the FBI and "[t]his activity was new information known to [her] that made everything known to [him] about the location of the laptop and cellphone [sic] misleading." Therefore, she "had a duty to disclose this information." Again, other than identifying the appropriate legal standard, Husband fails to cite to any legal authority to support his contention, that is, Wife made a representation and failed to

6

disclose new information which in turn makes the earlier representation misleading.

Husband has failed to establish Wife had a duty to disclose the location of the devices based on his allegation she made a representation and failed to disclose new information which made the earlier representation misleading or untrue. The trial court was well within its discretion when it found Wife had made no representation she was in possession of the laptop or cell phone.

*Made a partial disclosure and conveyed a false impression?*

Husband argues Wife's actions amounted to a partial disclosure: "this chain of events created a substantially false impression to [him] regarding her possession of the" laptop and cell phone "and its location outside of the marital home, thus triggering [the Wife's] duty to disclose the omitted facts." Husband asserts "[a] false impression arises when the defendant discloses some facts and conceals others knowing that the plaintiff is ignorant of the undisclosed facts and does not have an equal opportunity to discover the truth," citing to *Bradford*, *White*, and *Citizens Nat'l Bank v. Allen Rae Investments, Inc.*, 142 S.W.3d 459, 478-79 (Tex.App.—Fort Worth 2004, no pet.)(op. on reh'g).

These cases do not support Husband's position. In *Bradford*, the Texas Supreme Court concluded there was no evidence the aggrieved party did not have an equal opportunity to discover the lease terms at issue when he allegedly purchased a store at a shopping mall, so therefore the aggrieved buyer's fraud claim failed. *Bradford*, 48 S.W.3d at 756. The buyer asserted he relied on the false impression the lessor created by making statements about the lease without articulating the terms and full facts. The Court stated the information at issue was what "a buyer would be expected to discover by ordinary inquiry" and the lessor "could have reasonably assumed that [the aggrieved buyer would have] had obtained a copy of the lease from [the seller], and that he would

have inquired about the lease's terms and the store's expenses before contracting to buy the store." *Id. Bradford* does not support Husband's position Wife created a false impression regarding her possession of the devices through "the chain of events." Instead, it supports the simple premise Husband could have asked the whereabouts of the devices if he wanted to know prior to agreeing to the MSA. *Id.* Rather than ask about the location of the devices, he simply contracted for a superior right to the devices in the MSA, which is exactly what he obtained.

Similarly, in *White*, the aggrieved party's attorney sent letters to the defendants requesting information. *White*, 452 S.W.3d at 538-39. The defendants disclosed some information and documents but specifically left out relevant information pertaining to asset purchase agreements, which was responsive to the request. *Id.* The defendants acknowledged they were obligated to produce the information at issue, which the aggrieved party had requested and was entitled to. *Id.* at 539. The Court found the defendants provided incomplete information that created a false impression. *Id.* The present case is distinguishable from *White* in that Wife did not partially disclose the whereabouts of the devices nor did she affirmatively disclose any information to Husband to create a false impression she was in possession of the devices. Instead, Husband made assumptions. Moreover, unlike the aggrieved party in *White*, Husband never asked if Wife was in possession of the devices. Had he done so, and she had affirmatively misled him, *White* may be an analogous case.

Finally, in *Citizens Nat'l Bank*, our sister court upheld a jury's finding of fraud on the part of Citizens National Bank ("CNB"), perpetuated on borrower Allen Rae Investments, Inc. ("ARI"), in connection with a foreclosed construction loan following an investment in a hotel chain to which a CNB principal directed ARI despite CNB's reservations about the hotel chain

8

investment. *Citizens Nat'l Bank*, 142 S.W.3d at 468, 476. The court found legally sufficient evidence to support the jury's fraud finding pertaining to CNB's nondisclosures of material information to ARI on four different fronts. *Id.* at 476. Specifically, ARI never waived CNB's obligation to disclose material information regarding the hotel chain, CNB did not disclose it was reticent about directing other customers to the hotel chain because of their lack of financial disclosures yet its principal directed ARI to the investment, CNB did not disclose its agent's recommendation that an initial advance be provided only after some of the work was completed, and CNB did not tell ARI the hotel chain failed to specify how the advance it provided was spent. *Id.* The present case is in no way analogous to the lender-borrower relationship in *Citizen's National Bank*, wherein CNB's own principal led ARI into a known questionable investment made through a CNB loan. Unlike in the present case, CNB's nondisclosure problems were premised on a duty to disclose because of their relationship. *Id.*

Husband has failed to establish Wife had a duty to disclose the location of the devices based on his allegation she made a partial disclosure and conveyed a false impression as to the whereabouts of the devices. The trial court was well within its discretion when it found Wife made no representation she was in possession of the laptop or cell phone.

*Equal opportunity to discover the facts?*

In making the assumption the electronic items remained in the home during the excess of fifteen months since he left based on the "chain of events" and Wife's release of copies of photographs and videos from the devices, Husband argues was deprived of an equal opportunity to discover the truth. He confirmed he never asked Wife—either in the discovery process, the

9

mediation process[1] or at any other time[2]—about the location of the laptop and cell phone, despite alleging her possession of the items was a "key point" in his decision to enter into the MSA. During the hearing, Husband acknowledged the parties had the opportunity to conduct discovery but explained "why would I ask something specifically if everything was left in the home and she had possession." In response to whether he should have asked these relevant questions during discovery, Husband argued, "For the Court of Appeals to now adopt such a standard or impose such an onerous burden on an injured party, would essentially overturn decades of Texas jurisprudence in regards to nondisclosure fraud," citing to *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997) with no further explanation. After careful review of *American Tobacco*, we find no support nor validation of Husband's contention.

Husband, represented by counsel, went through both the discovery and mediation process, and testified having had the opportunity to ask questions, which in our view, gave him an equal opportunity to discover who was in possession of the electronic devices. *Bradford*, 48 S.W.3d at 756; *White*, 452 S.W.3d at 538-39; *see also, e.g.*, *Pellegrini v. Cliffwood-Blue Moon Joint Venture, Inc.*, 115 S.W.3d 577, 580 (Tex.App.—Beaumont 2003, no pet.)(having expertise and considering entering into a contract, Pellegrini could be reasonably expected to make an investigation, ask questions, draw his own conclusions, and protect his own interests).

We do not find Husband's position persuasive. He had several opportunities to ask about the location of the devices but chose not to do so. The evidence is legally insufficient to establish

---

[1] Husband was also permitted to testify regarding mediation since his claim regarded fraud by nondisclosure in the inducement; he did not raise any question regarding the devices' whereabouts during mediation.

[2] Husband testified he and Wife did not communicate and did not state whether he asked her if the devices were in her possession. One assumes had he asked her directly, he would have testified to her response.

Wife had a duty to disclose the electronic devices were no longer in her possession. Absent Husband proving either of these two factors, there can be no finding of fraud by nondisclosure. *Bradford*, 48 S.W.3d at 755, *In re C.M.V.*, 479 S.W.3d at 362-63.

### *Holding*

Because the evidence supports the trial court's conclusion Husband failed to establish Wife committed fraud in connection with the MSA, it did not abuse its discretion in denying his Motion to Set Aside the MSA.

### **CONCLUSION**

We affirm the trial court's ruling.


June 2, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.